UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DURON-DE LUNA,<br><br>                    Petitioner,<br><br>        v.<br><br>LEPE, WARDEN,<br><br>                    Respondent. | Case No. 2:25-cv-04340-FLA (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. 25]** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition for Writ of *Habeas Corpus* ("Petition," Dkt. 1), the Report and Recommendation of United States Magistrate Judge ("Report," Dkt. 25), Petitioner's Objections to the Report (Dkt. 26), and all relevant portions of the docket.

In this *habeas* action, Petitioner challenges the execution of his sentence by the Bureau of Prisons ("BOP") through its calculation of his presentence credits. Dkt. 4 at 3–7. The Report recommends the denial of the Petition because the credits were applied to Petitioner's 2017 criminal case, meaning that Petitioner is not entitled to have them applied as "double credit" to his 2022 criminal case. Dkt. 25. Petitioner's objections to the Report do not merit a different result.

/ / /

1

Petitioner objects that his sentences for his 2017 and 2022 cases were ordered to run concurrently. Dkt. 26 at 3–4. The Report thoroughly explained why this argument fails to show the BOP miscalculated Petitioner's credits. Dkt. 25 at 11. The credits at issue, lasting for approximately seven months from December 2021 to July 2022, were applied to Petitioner's seven-month sentence in the 2017 case for violating the conditions of his supervised release. *Id*. at 10. Because Petitioner had already served 368 days in official detention prior to sentencing, his seven-month sentence for the 2017 case was effectively already served when it was imposed. *Id*. at 5. Any remaining credits were applied to Petitioner's 2022 criminal case. *Id*. at 10. This is the only result that can be reconciled with the rules against double credit. Petitioner fails to explain how his objection can be reconciled with those rules. "Nothing about [P]etitioner's concurrent sentencing suggests that Petitioner is entitled to any more credits than he has been given." *Id*. at 12.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed its review, the court ACCEPTS and ADOPTS the findings and recommendations set forth in the Report.

**IT IS ORDERED** that Judgment be entered denying the Petition and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 6, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2